UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cr-0117-RLH-PAL |
| ) | |
| vs. ) | **O R D E R** |
| ) | (Motion Pursuant to §2255–#113) |
| LORI IRISH, ) | (Motion for Appointment of Counsel–#114) |
| ) | (Application: *In Forma Pauperis*–#115) |
| Defendant. ) | |

Before the Court is Defendant's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#113, filed August 11, 2010).  The §2255 Motion is accompanied by an Ex Parte Motion for Appointment of Counsel (#114) and an Application to Proceed *In Forma Pauperis* (#115). A review of the files and records of the case conclusively show that the prisoner is entitled to no relief, and the motions will be summarily denied. 28 U.S.C. §2255 (b).

I. DENIAL OF SPEEDY TRIAL

Ground One for Defendant's motion is that she was denied her rights to a speedy trial because her trial was continued from July 2008 to November 2008 without consulting or informing her until after the fact.

The motion (#23) to continue the trial was filed by her attorney and indicates that she does not object to the continuance.  More important, the basis for the motion to continue the trial was because of Ms. Irish's medical condition, that she had been hospitalized twice since her incarceration and rendered her incapacitated to meet and confer with counsel review discovery.  The

Court found that denial of the request for a continuance could result in miscarriage of justice and the additional time was excludable under the Speedy Trial Act, 18 U.S.C. §3161(h)(8)(A), when considering the factors under 18 U.S.C. §§ 8161(h)(8)(B) and (h)(8)(B)(iv). Moreover, this was the only continuance of her trial.

## II. DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL/COUNSEL OF HER CHOICE

In Ground Two, Defendant claims her appointed counsel originally told her the most she could get was probation and then, when she demanded a new counsel (and was given two attorneys from the Federal Public Defenders Office) they told her she would only face 43-48 months.

The record is clear, and Ms. Irish admits, that she was offered a plea agreement which would have permitted her to admit to only one felony with a recommendation for a sentence of "time served." She admittedly refused that offer, but now complains that her attorney never told her she could face 5-10 years. (The sentence given was 60 months.)

Defendant did not complain about her two attorneys until after her conviction and before sentencing. Her two Assistant Public Defenders then filed a motion at her request which motion, after a hearing before the Court, she asked to be withdrawn.

She contends that her attorneys did not present evidence she requested they present. However, she does not identify what evidence was not presented. Her attorneys presented medical/psychological testimony about her condition and treatment (which included her own doctor admitting that she refused to take prescribed medication or follow the prescribed regimen). Furthermore, her attorneys filed objections to the Presentence Report, some of which were granted–resulting in removal of an enhancement–and some of which were not.

During the sentencing hearing, Ms. Irish admitted that she not only had been given the opportunity to read the Presentence Report, she had discussed it with her attorney and had identified any errors in the Report. The Report clearly described the calculations from the Sentencing Guidelines she claims ignorance of.

2

To prevail on his ineffective assistance of counsel claims, Defendant must show that: 1) her attorneys' performance "fell below an objective standard of reasonableness," and 2) her counsels' deficient performances prejudiced her defense. *Strickland v. Washington,* 477 U.S. 668, 687-88 (1984). A defendant who has "fail[ed] to satisfy either the deficient performance or the prejudice prong of the *Strickland* test has failed to make a claim for ineffective assistance of counsel." *United States v. Molina* 934 F.2d 144, 1447 (9th Cir. 1991). Defendant's claims fail both prongs of the *Strickland* test. The performance of Defendant's appellate counsel did not fall below an objective standard of reasonableness nor did counsel's actions prejudice her defense (which is an issue presented and resolved in her appeal).

To satisfy the deficient performance prong of the *Strickland* test, the representation afforded Defendant by her appellate counsel must fall "below an objective standard of reasonableness." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687-88), *cert. denied* 519 U.S. 848. "Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" *Quintero-Baraza* 78 F.3d at 1348 (quoting *Strickland*, 466 U.S. at 690). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Further, "counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. At 690. A court reviewing counsel's conduct must strive "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. At 699. The court "'must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of the counsel's conduct.'." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (quoting *Strickland*, 466, U.S. at 690).

In addition to demonstrating unreasonableness, the Defendant must also establish prejudice by showing that there is "'a reasonable probability that, but for counsel's unprofessional

3

1 errors, the result of the proceeding would have been different.'" *Quintero-Barraza*, 78 F.3d at 1348

2 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to

3 undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court " need not determine

4 whether counsel's performance was deficient . . . [i]f it is easier to dispose of an ineffectiveness

5 claim on the ground of lack of sufficient prejudice." *Id*. At 697.

6 Defendant's claims are woefully deficient is even raising the specter of ineffective

7 assistance of counsel.

8 Finally, while Defendant Irish has a right to counsel, which right was afforded her by

9 the Court, and was fulfilled by very competent counsel throughout the course of this case, she does

10 not have the right to counsel of her choosing, unless she is prepared to retain counsel with her own

11 funds.

12 III.  CRUEL AND UNUSUAL PUNISHMENT

13 Defendant Irish's Ground three is that she was subjected to cruel and unusual

14 punishment because she did not receive adequate treatment in the jail or the federal prison after she

15 fell from a top bunk. While this may be an appropriate basis for a civil action pursuant to 42 U.S.C.

16 §1983, it is not a basis for vacation or correcting a sentence under §2255.

17 IV.  INCOMPETENCE TO ASSIST AT TRIAL

18 Ground Four asserts that Ms. Irish was unable to assist at trial or in preparation at

19 trial because she suffered from short term memory loss, resulting from her being a federal prisoner,

20 52 years old and being put on an upper bunk bed with no ladder (assuming she is referring to the

21 claimed fall from the bunk). However, she provides no dates regarding the fall. She does not

22 provide any reason why she did not raise this issue with the Court. If she had told her attorneys of

23 her memory loss, and it affected their preparation for trial, there would have been no reason for

24 them not to raise the issue and request a mental competency hearing. Yet no request was made by

25 counsel, and during the hearing regarding whether Ms. Irish was to keep Ms. Weksler and Ms. Lazo

26 as her attorneys, when Defendant was given an opportunity to address the Court, she did not raise

the issue.

This should have been a matter for appeal or an attack of the conviction, not on the sentencing. It was never raised at the sentencing. Nor is there any evidence, or specific information, about what affect, if any, Defendant's short memory loss had on the trial or the sentencing. There is no evidence, or even any argument, that it would have made any difference in the outcome of the trial or in the Court's sentence.

Defendant presents no evidence or argument which would entitle her to the relief sought.

Because there is insufficient basis to pursue Defendant's Motion Pursuant to §2255, her Motion for Appointment of Counsel (#114), and her Application to Proceed *In Forma Pauperis* (#115) will be denied as moot.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#113) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel (#114), and her Application to Proceed *In Forma Pauperis* (#115) are DENIED, as moot.

Dated: August 13, 2010.

_____
Roger L. Hunt
Chief United States District Judge